UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSSUR HOLDINGS, INC. and GENERATION II, USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BELLACURE, INC., et al., <br><br> Defendants. | CASE NO. C05-1552JLR <br><br> ORDER TO SHOW CAUSE |

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion for a temporary restraining order (Dkt. # 3). Plaintiffs have not served any Defendant with their motion, with the complaint in this action, or with any other pleading. For the reasons stated below, the court DENIES Plaintiffs' motion for ex parte relief, and orders Plaintiffs to serve Defendants with all pleadings on file in this action along with this order. Defendants shall have five days from the date of service to show cause why the court should not enter a temporary restraining order.

## II. BACKGROUND & ANALYSIS

Plaintiffs Ossur Holdings, Inc. and Generation II, USA, Inc. develop and sell prosthetic and orthotic devices, including devices for the treatment of osteoarthritic knee

ORDER – 1

pain. Defendant Bellacure Inc. ("Bellacure") is engaged in a similar business. Defendant Shane Sterling is the founder and principal officer of Bellacure. Defendant Maurice Cannon is the Executive Vice President of Bellacure. Both individual Defendants formerly worked for the Plaintiffs. Mr. Sterling resigned in April 2004; Mr. Cannon resigned in September 2004.[1]

Without assessing the merits of Plaintiffs' claims, the court finds that Plaintiffs have not met the standard for issuing a temporary restraining order without notice to the Defendants. Under Fed. R. Civ. P. 65(b), an ex parte temporary restraining order can issue only if:

(1)   it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

(2)   the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The court is not persuaded that Plaintiffs will suffer irreparable injury before the Defendants can be notified of their request for injunctive relief. The principal basis of Plaintiffs' motion is Defendants' alleged misappropriation of their trade secrets. Without delving into the potential merit of this claim, the court finds no indication that Plaintiffs will suffer irreparable harm if Defendants are given the opportunity to respond to their request for injunctive relief. The same is true of Plaintiffs' claim for injunctive relief

---

[1] The sole basis for the court's jurisdiction over this action is its jurisdiction over Plaintiffs' Lanham Act claim, its jurisdiction under 28 U.S.C. § 1338(b) over the related Washington unfair competition claim, and the court's supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(a). In responding to this order to show cause, Defendants may address whether the court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

ORDER – 2

based on alleged violations of confidentiality agreements that the individual Defendants signed while in their employ, and Plaintiffs' claim under the Lanham Act.

Indeed, the only assertion Plaintiffs offer in support of the extraordinary remedy of an ex parte temporary restraining order is that "[i]t is imperative that the defendants not be given even an hour's notice, as such time would allow them time to irreparably alter or destroy essential computer files." Pltfs.' Mot. at 24. There is absolutely no evidence that Defendants will destroy their computer files if served with the pleadings in this action. Plaintiffs' do not even attempt to support their bold assertion with evidence. The court cautions Defendants that they have an obligation to preserve any evidence that may be relevant to this action, and that any destruction or modification of potentially relevant evidence will result in contempt sanctions. Nonetheless, Plaintiffs' fear that Defendants will destroy evidence, computerized or otherwise, is speculation. The court finds no basis for issuing an ex parte temporary restraining order.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion in part (Dkt. # 3). The court declines to issue an ex parte temporary restraining order. In order to expeditiously address Plaintiffs' request for a temporary restraining order, the court directs Plaintiffs to serve all Defendants with all pleadings in this action, including this order to show cause. Plaintiffs shall provide the court with proof of service. Once Plaintiffs have effected proper service, Defendants will have five days to show cause why this court should not enter a temporary restraining order on the terms presented in Plaintiffs' motion. The court strongly prefers a written submission from Defendants, but if that proves impossible, Defendants may contact the court at (206) 370-8920 to arrange

ORDER – 3

an oral response.  If appropriate, the court will order a hearing after reviewing Defendants' response to this order to show cause.

Dated this 13th day of September, 2005.

/s/ James L. Robart
JAMES L. ROBART
United States District Judge

ORDER – 4